IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Margaret Meier,

    Plaintiff,

v.                 Case No. 18-cv-2368-JWL

Shawnee Mission Medical Center, Inc.,

    Defendant.

## MEMORANDUM & ORDER

Plaintiff Margaret Meier filed this lawsuit against her former employer alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and retaliatory discharge in violation of Kansas public policy. This matter is presently before the court on defendant's motion to dismiss plaintiff's state law retaliatory discharge claim under Rule 12(b)(6) for failure to state a claim upon which relief can be granted (doc. 14). As will be explained, the motion is granted.

**Standard**

Defendant brings its motion under Federal Rule of Civil Procedure 12(b)(6), asserting that plaintiff's state law retaliatory discharge claim fails to state a claim upon which relief can be granted. The court will grant a motion to dismiss when a claimant's factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim need not contain detailed factual allegations, but a claimant's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a

formulaic recitation of the elements of a cause of action will not do. *See id*. at 555. The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id*., and view all reasonable inferences from those facts in favor of the claimant, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**Background**

For purposes of defendant's motion, the court accepts as true the following well-pleaded facts alleged in plaintiff's complaint. Defendant hired plaintiff in April 2015 as Administrative Director of Women's and Children's Services. In that position, plaintiff was responsible for the effective operation of the following cost centers: Labor & Delivery; Mother-Baby; Well-Baby Nursery; Neonatal Intensive Care Unit; Maternal Fetal Specialist Clinic; Parent Education and Lactation Services; OB Hospitalists; and Women & Child Administration. Pertinent to her retaliatory discharge claim, plaintiff alleges that during her tenure, defendant's budget failed to allocate sufficient funds to safely staff the cost centers overseen by plaintiff. Plaintiff believed that there was not sufficient staff to safely care for patients, including but not limited to mothers and babies receiving medical care in the cost centers supervised by plaintiff. Plaintiff reported to executive-level management that defendant was jeopardizing patient safety and health with insufficient staffing in violation of the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd. In December 2016, plaintiff refused to sign off on the 2017 budget for her cost centers and told defendant's Director of Finance that she could not in good conscience sign off on the

2

budget because the budget would force her subordinates to provide compromised care. Defendant terminated plaintiff's employment in February 2017.

**Discussion**

The Kansas Supreme Court has recognized the tort of retaliatory discharge as a public policy exception to the employment-at-will doctrine. *See Palmer v. Brown*, 242 Kan. 893, 896, (1988). As the Court noted in *Palmer*:

> Public policy requires that citizens in a democracy be protected from reprisals for performing their civil duty of reporting infractions of rules, regulations, or the law pertaining to public health, safety, and the general welfare. Thus, we have no hesitation in holding termination of an employee in retaliation for the good faith reporting of a serious infraction of such rules, regulations, or the law by a co-worker or an employer to either company management or law enforcement officials (whistle-blowing) is an actionable tort.

*Id*. at 900. To establish this claim, an employee has the burden of proving by clear and convincing evidence, under the facts of the case, that a reasonably prudent person would have concluded the employee's employer was engaged in activities in violation of rules, regulations, or the law pertaining to public health, safety, and the general welfare; that the employer had knowledge of the employee's reporting of such violation prior to discharge of the employee; and that the employee was discharged in retaliation for making the report. *Id.* To state a retaliatory discharge claim, a plaintiff must identify a definite or specific rule, regulation or law as the foundation for the claim. *Goodman v. Wesley Medical Center, LLC*, 276 Kan. 586, 593 (2003).

In its motion, defendant moves to dismiss plaintiff's retaliatory discharge claim on the grounds that her complaint does not allege that she reported a violation of any rule, regulation or law pertaining to public health, safety and the general welfare. In her response, plaintiff identifies

3

only one source of public policy to support her claim—the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd. "Congress enacted EMTALA in 1986 to address the problem of 'dumping' patients in need of medical care but without health insurance." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796 (10th Cir. 2001). The statute "places obligations of screening and stabilization upon hospitals and emergency rooms that receive patients suffering from an 'emergency medical condition.'" *Roberts v. Galen of Va., Inc*., 525 U.S. 249, 250 (1999). EMTALA thus imposes two requirements on participating hospitals. *Phillips*, 244 F.3d at 796. First, the hospital, regardless of the patient's ability to pay, "must conduct an initial medical examination to determine whether the patient is suffering from an emergency medical condition." *Id.*; *see also* 42 U.S.C. § 1395dd(a) ("[T]he hospital must provide for an appropriate medical screening . . . to determine whether or not an emergency medical condition . . . exists."). Second, if an emergency medical condition exists, the hospital must "stabilize the patient before transporting him or her elsewhere" if it is possible to do so. *Phillips*, 244 F.3d at 796; *see also* 42 U.S.C. § 1395dd(b) ("If . . . the hospital determines that the individual has an emergency medical condition, the hospital must provide either . . . such further medical examination and such treatment as may be required to stabilize the medical condition, or . . . transfer . . . the individual to another medical facility [after satisfying certain requirements in] subsection (c) of this section."). The point of the statute, then, is that "a patient requiring emergency care may not be dumped on another hospital when there is no medical justification for doing so." *Genova v. Banner Health*, 734 F.3d 1095, 1097 (10th Cir. 2013).

None of the allegations in plaintiff's complaint suggest that she reported a violation of EMTALA. Plaintiff does not allege that she reported "patient dumping" or a failure by defendant

4

to examine a patient or stabilize a patient, or a premature or improper transfer of a patient with an emergency medical condition. *See id.* at 1098 (plaintiff did not report violation of EMTALA when he complained about overcrowded emergency room conditions). Plaintiff's allegations focus solely on defendant's alleged inability to provide adequate patient care in light of perceived staffing deficiencies. But EMTALA does not speak to that issue.[1] Because plaintiff has failed to identify a statute, administrative regulation or ethical code that defendant allegedly violated through its staffing or budgeting policies, plaintiff's claim fails to state a plausible claim for relief. *Compare Myers v. Atlantic Health Systems*, 2017 WL 253846, at *5-6 (D. N.J. Jan. 20, 2017) (granting summary judgment on state law whistleblower claim where plaintiff failed to identify any rule or regulation providing any standards for hospital staffing policies) *with Weirton Health Partners, LLC v. Yates*, 2010 WL 785647, at *4-5 (N.D.W.V. Mar. 4, 2010) (denying Rule 12(b)(6) motion to dismiss retaliatory discharge claim where plaintiff invoked specific state regulation protecting patients from inadequate staffing).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's state law retaliatory discharge claim (doc. 14) is granted.

**IT IS SO ORDERED.**

---

[1] The court declines to address defendant's alternative argument that dismissal of plaintiff's retaliatory discharge claim is required because EMTALA reflects only federal public policy and not Kansas public policy.

5

Dated this 15th day of November, 2018, at Kansas City, Kansas.

                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge